UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIOLET HERNANDEZ, INDIVIDUALLY, And AS MOTHER and NEXT FRIEND OF MINOR CHILDREN I.G. and J.G. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No.: 19-cv-05335 |
| THE VILLAGE OF CARPENTERSVILLE, a Municipal Corporation, CARPENTERSVILLE POLICE COMMANDER PAUL BRYAN, and UNKNOWN CARPENTERSVILLE POLICE OFFICERS, | ) ) ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COME** Plaintiffs VIOLET HERNANDEZ, INDIVIDUALLY, and AS MOTHER and NEXT FRIEND OF MINOR CHILDREN I.G. and J.G. by and through her attorney Keenan J. Saulter of Saulter Law P.C., and for her Complaint against Defendants THE VILLAGE OF CARPENTERSVILLE, CARPENTERSVILLE POLICE COMMANDER PAUL BRYAN, and UNKNOWN CARPENTERSVILLE POLICE OFFICERS pursuant to 42 U.S.C. §§ 1983, states as follows:

### OVERVIEW

1. This action arises out of several incidents that occurred at Plaintiffs' home located at 2158 Morningside Lane, Unit F, Carpentersville, Illinois 60110 on June 13, 2019 through June 14, 2019.

1

2. As a result of this incident, Plaintiffs VIOLET HERNANDEZ, INDIVIDUALLY, and AS MOTHER and NEXT FRIEND OF MINOR CHILDREN I.G. and J.G., were emotionally scarred and traumatized as Defendants CARPENTERSVILLE POLICE COMMANDER PAUL BRYAN, and UNKNOWN CARPENTERSVILLE POLICE OFFICERS, employed by Defendant THE VILLAGE OF CARPENTERSVILLE raided their home without a search warrant while Plaintiff VIOLET HERNANDEZ was at work and only her minor children were present.

## PLAINTIFFS

3. Plaintiff's VIOLET HERNANDEZ, INDIVIDUALLY, and AS MOTHER and NEXT FRIEND OF MINOR CHILDREN I.G. and J.G. are residents of the Northern District of Illinois, Eastern Division at the time of the incident (and remain residents here as of the filing of this action).

## DEFENDANTS

4. Defendant THE VILLAGE OF CARPENTERSVILLE, a Municipal Corporation, is an organization pursuant to the laws of the State of Illinois (hereinafter referred to as "The Village").

5. Defendants CARPENTERSVILLE POLICE COMMANDER PAUL BRYAN and UNKNOWN CARPENTERSVILLE POLICE OFFICERS are employees of the Carpentersville Police Department (hereinafter referred to as "Defendant Carpentersville Police Officers").

## JURISDICTION AND VENUE

6. This action arises under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction of Plaintiff's state law claims.

7. Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(a)(1) and (2) because the Defendants are subject to personal jurisdiction in this judicial district and all of the events that give rise to the case occurred in this judicial district.

## *RESPONDENT SUPERIOR* – STATE LAW

8. In committing the acts and omissions alleged above, officers were at all times employees and agents of the Carpentersville Police Department and THE VILLAGE OF CARPENTERSVILLE and were acting within the scope of their employment.

9. The Village is, therefore, liable as principal for all common law torts by its agents within the scope of their employment.

## INDEMNIFICATION – STATE LAW

10. Illinois law, 745 ILCS 10/9-102, directs public entities to pay any common law tort judgment for compensatory damages for which employees are held liable within the scope of their employment activities.

11. The Defendant Carpentersville Police Officers that illegally searched Plaintiffs were at all times relevant employees of The Village who acted within the

scope of their employment when committing the actions and omissions detailed herein.

## FACTS COMMON TO ALL COUNTS

12. On June 13, 2019, Plaintiffs VIOLET HERNANDEZ, INDIVIDUALLY, and AS MOTHER and NEXT FRIEND OF MINOR CHILDREN J.G. and I.G., resided at their home located 2158 Morningside Lane, Unit F, Carpentersville, Illinois 60110.

13. On June 13, 2019, a friend of Minor Plaintiff I.G. ran away from home. Minor Plaintiff I.G. called his friend an Uber and told her to go home.

14. On June 13, 2019, the young girl's parents went, along with the Defendant Carpentersville Police Officers, to the Plaintiffs' home to search for the girl.

15. The Defendant Carpentersville Police Officers knew that Plaintiff VIOLET HERNANDEZ was not home and that her minor children were home alone and incapable of consenting to a search of their home.

16. Minor Plaintiff I.G. was outside playing on his skateboard when the officers arrived.

17. Minor Plaintiff I.G. found out that his friend did not go home. Minor Plaintiff I.G. got scared and called his friend's brother and told him she was at his house earlier and he called her an Uber.

18. The girls' parents and Defendant Carpentersville Police Officers came back with the brother of the young girl and searched the house.

19. Plaintiff VIOLET HERNANDEZ was at work during this search.

20. Minor Plaintiff J.G. called his mother crying stating the cops are here and searching the house.

21. Plaintiff VIOLET HERNANDEZ spoke with an Unknown Defendant Carpentersville Police Officer *via* phone and asked the officer that she spoke with "why are you in my house?"

22. Plaintiff VIOLET HERNANDEZ also advised the unknown Defendant Carpentersville Police Officer that they did not have a warrant to be in her home.

23. Plaintiff VIOLET HERNANDEZ told the unknown Defendant Carpentersville Police Officer that her children were minors and that she would leave work and come home.

24. The unknown Defendant Carpentersville Police Officer hung up the phone.

25. Minor Plaintiff J.G., along with some friends, left the house and went to the park.

26. As they were walking towards the park, Minor Plaintiff J.G. was approached by an Unknown Defendant Carpentersville Police Officer in a marked police cruiser.

27. The Unknown Defendant Carpentersville Police Officer began to question Minor Plaintiff J.G., and Minor Plaintiff J.G. burst into tears because he was emotionally distressed.

28. Minor Plaintiff J.G. called his mother, Plaintiff VIOLET HERNANDEZ, about what occurred, and he was still hysterically crying.

29. During the search, Minor Plaintiff I.G. was alone in his house with two Unknown Defendant Carpentersville Police Officers.

30. By the time Minor Plaintiff I.G.'s mother (Plaintiff VIOLET HERNANDEZ) arrived, the Defendant Carpentersville Police Officers had already left.

31. On June 14, 2019, the Defendant Carpentersville Police Officers came back to Plaintiff's home and the minor children were again terrified.

32. One of the Defendant Carpentersville Police Officers opened the front door of the Plaintiffs' home and came into the property.

33. Minor Plaintiff I.G. met the unknown Defendant Carpentersville Police Officer in the threshold of the family's home and advised the officer that he didn't feel comfortable with the officers being in the family's home without the Minor Plaintiffs' mother being home.

34. Upon hearing this, the unknown Defendant Carpentersville Police Officer immediately encroached further into the family's home and began to choke Minor Plaintiff I.G. against the front door.

35. The Defendant Unknown Carpentersville Police Officers tackled Minor Plaintiff I.G. onto the family's living room couch.

36. The Defendant Unknown Carpentersville Police Officers continued to choke Minor Plaintiff I.G. without provocation or just cause.

37. The Defendant Unknown Carpentersville Police Officers continued this behavior of police brutality until they were advised by Minor Plaintiff I.G. that they were being videotaped.

38. The Defendant Unknown Carpentersville Police Officers were looking around for video cameras that Minor Plaintiff I.G. had referenced.

39. The Defendant Unknown Carpentersville Police Officers continued to falsely arrest and imprison Minor Plaintiff I.G.

40. This all occurred while Minor Plaintiff J.G. looked on in horror as his brother was being brutalized and arrested for no reason.

41. Minor Plaintiff J.G. had an emotional breakdown while watching this occur, particularly after the abuses of the Defendant Unknown Carpentersville Police Officers just a day earlier.

### COUNT I – UNLAWFUL SEARCH AND SEIZURE
### FOURTH AMENDMENT VIOLATION

42. Plaintiffs re-allege all paragraphs 1 through 41 above and incorporate them into this count by reference.

43. Defendant Carpentersville Police Officers' unauthorized entry and search violated Plaintiff's Fourth Amendment Rights to be free from unreasonable searches of their persons or home on both June 13, 2019 and June 14, 2019.

44. The Defendant Carpentersville Police Officers seizure of Plaintiff violated Plaintiffs' Fourth Amended Rights against an unlawful seizure.

45.     Under the circumstances, Defendant Carpentersville Police Officers' displays of force against and in the presence of young children was totally unnecessary, unreasonable and unjustifiable.

46.     Defendant Carpentersville Police Officers' misconduct was objectively unreasonable and was undertaken intentionally with willful indifference to Minor Plaintiff's I.G. and J.G.'s constitutional rights.

47.     Defendant Carpentersville Police Officers' conduct toward the Plaintiffs was undertaken with willful and wanton disregard for the rights of others. Defendant Carpentersville Police Officers acted with actual intention or with a conscious disregard or indifference for the consequences when the known safety and health of Plaintiffs was involved. Defendant Carpentersville Police Officers acted with actual malice, with deliberate violence, willfully or with such gross negligence as to indicate a wanton disregard for the rights of others.

48.     Defendant Carpentersville Police Officers' illegally searched the Plaintiff's home, without a search warrant and only in the presence of Minor Plaintiff's I.G. and J.G. Plaintiff VIOLET HERNANDEZ was at work during the illegal search of her home.

49.     As the direct and proximate result of Defendant Carpentersville Police Officers' misconduct, Minor Plaintiffs I.G. and J.G. have suffered and continued to suffer severe, long-term emotional and mental distress and trauma, including lasting or permanent psychological injury.

50. One or more Defendant Carpentersville Police Officers had a reasonable opportunity to prevent or stop the violations of Minor Plaintiff's I.G. and J.G.'s constitutional rights but stood by and failed to take any action.

51. In light of the character of Defendant Carpentersville Police Officers' actions toward Plaintiffs and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiffs, defendants' conduct merits an award of punitive damages.

52. The actions of the Defendant Carpentersville Police Officers in unlawfully entering the Plaintiffs' home on June 13, 2019 and June 14, 2019 constituted an unreasonable search of the Plaintiffs' home.

53. Further, the actions of detaining the Minor Plaintiff J.G. as he walked to the park on June 13, 2019 constituted an unlawful detention.

54. Additionally, the conduct of physically abusing Minor Plaintiff I.G. as well as falsely arresting and imprisoning him on June 14, 2019 showed a willful and wanton conscious disregard for the rights of Minor Plaintiff I.G.

## COUNT II – FALSE IMPRISONMENT – STATE LAW

55. Plaintiffs re-allege paragraphs 1 through 54 above and incorporate them into this count by reference.

56. The manner in which the Defendant Carpentersville Police Officers conducted their entry into, and search of Plaintiffs' home on June 13, 2019 and June 14, 2019 was objectively reasonable, in violation of their rights.

57. When the Defendant Carpentersville Police Officers entered Plaintiffs' home on June 14, 2019, opened the front door, barged in, they choked and tackled then handcuffed Minor Plaintiff I.G. when he did not pose a threat and placed him under arrest.

58. This arrest was unlawful and without legal cause or justification.

59. The Defendant Carpentersville Police Officers acted without having reasonable grounds to believe that an offense was committed by Minor Plaintiff I.G.

60. Minor Plaintiff I.G. had his personal liberty or freedom of locomotion unlawfully restrained.

61. As a direct and proximate result of one or more of the foregoing acts and/or omissions of the Defendant Carpentersville Police Officers, the Minor Plaintiff I.G. suffered damages.

62. The Defendant Carpentersville Police Officers' conduct toward Minor Plaintiff I.G. was undertaken with willful and wanton disregard for the rights of others.

63. The Defendant Carpentersville Police Officers' actions toward Minor Plaintiff I.G. and the lasting or permanent psychological injury that Defendants' conduct has caused Minor Plaintiff I.G., defendants' conduct merits an award of punitive damages.

## COUNT III – ASSAULT – STATE LAW

64. Plaintiffs re-allege paragraphs 1 through 63 and incorporate them into this count by reference.

65. The actions of Defendant Carpentersville Police Officers set forth above, created reasonable apprehension in Minor Plaintiff I.G. of immediate harmful contact to Minor Plaintiff I.G.'s person by the Defendants.

66. The Defendant Carpentersville Police Officers intended to bring about apprehension of immediate harmful contact in Minor Plaintiff I.G. or knew that their actions would bring such apprehension.

67. In the alternative, the conduct of Defendant Carpentersville Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

68. The conduct of Defendant Carpentersville Police Officer's in illegally entering a home are generally associated with a risk of serious injuries. Numerous prior injuries have occurred to civilians in this context. Defendant Carpentersville Police Officers failed to take reasonable precaution after having knowledge of impending danger to Minor Plaintiff I.G.

69. The Defendant Carpentersville Police Officers' actions were the direct and proximate cause of Minor Plaintiff I.G.'s apprehension.

70. Minor Plaintiff I.G. has been seriously harmed by Defendant Carpentersville Police Officers' actions.

71. In light of the character of Defendant Carpentersville Police Officers' actions toward Minor Plaintiff I.G. and the lasting or permanent psychological injury that Defendants' conduct has caused Plaintiff, defendants' conduct merits an award of punitive damages.

## COUNT IV – BATTERY – STATE LAW

72. Plaintiffs re-allege paragraphs 1 through 71 and incorporate them into this count by reference.

73. The actions of Defendant Carpentersville Police Officers set forth above, including choking and handcuffing Minor Plaintiff I.G. by force constituted an unwarranted physical touching.

74. The Defendant Carpentersville Police Officers intentionally took these actions.

75. In the alternative, the conduct of Defendant Carpentersville Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of Minor Plaintiff I.G.

76. Minor Plaintiff I.G. has been seriously harmed by Defendant Carpentersville Police Officers' actions.

77. In light of the character of Defendant Carpentersville Police Officers' actions toward Minor Plaintiff I.G. and the lasting or permanent psychological

injury that Defendants' conduct has cause Minor Plaintiff I.G., defendants' conduct merits an award of punitive damages.

## COUNT V – INVASION OF PRIVACY – STATE LAW

78. Plaintiffs re-allege paragraphs 1 through 77 above and incorporate them in this count by reference.

79. By entering the Plaintiffs' home on both June 13, 2019 and June 14, 2019 when Defendant Carpentersville Police Officers did not have probable cause to believe that a crime had been committed, Defendant Carpentersville Police Officers physically invaded Plaintiffs' right to and enjoyment of exclusive possession of their residence.

80. In the alternative, the conduct of the Defendant Carpentersville Police Officers willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for Plaintiffs right to and enjoyment of exclusive possession of their residence.

81. Defendant Carpentersville Police Officers' actions caused a physical invasion of Plaintiffs' residence.

82. Plaintiffs' were harmed by Defendant Carpentersville Police Officers' physical invasion of their resident.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – STATE LAW

83. Plaintiffs re-allege paragraphs 1 through 82 above and incorporate them in this count by reference.

84. The actions, omissions and conduct of Defendant Carpentersville Police Officers set forth above were extreme and outrageous and exceeded all bounds of human decency.

85. The Defendant Carpentersville Police Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

86. The Defendant Carpentersville Police Officers, who occupied positions of special trust and authority, knew, had reason to know or believed that Plaintiffs, who were young children, were especially vulnerable and fragile.

87. As a direct and proximate result of Defendant Carpentersville Police Officers' extreme and outrageous conduct, Plaintiffs suffered and continue to suffer long-term, severe emotional distress and trauma.

88. The conduct of the Defendant Carpentersville Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

89. The Defendant Carpentersville Police Officers conduct was a proximate cause of Plaintiffs' injuries and their extreme, severe, long-term emotional distress and trauma.

## COUNT VII—NEGLIGENT (RECKLESS) INFLICTION OF EMOTIONAL DISTRESS – STATE LAW

90. Plaintiffs re-allege paragraphs 1 through 89 above and incorporate them in this count by reference.

91. The actions, omissions and conduct of Defendant Carpentersville Police Officers set forth above were extreme and outrageous and exceeded all bounds of human decency.

92. The conduct of the Defendant Carpentersville Police Officers showed an utter indifference to or conscious disregard for the safety of others and/or their property.

93. The Defendant Carpentersville Police Officers' actions, omissions and conduct above were undertaken with the intent to inflict and cause severe emotional distress to Plaintiffs, with the knowledge of the high probability that their conduct would cause such distress, or in reckless disregard of the probability that their actions would cause such distress.

94. Defendant Carpentersville Police Officers, who occupied positions of special trust and authority, knew, had reason to know or believed that Plaintiffs, who were young children, were especially vulnerable and fragile.

95. As a direct and proximate result of Defendant Carpentersville Police Officers' extreme and outrageous conduct, Plaintiffs suffered and continue to suffer long-term, severe emotional distress and trauma.

96. The conduct of Defendant Carpentersville Police Officers was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

97. In the alternative, the Defendant Carpentersville Police Officers owed Plaintiffs a duty of care that they breached when they entered their home, and brutalized Minor Plaintiff I.G in front of Minor Plaintiff J.G.

98. Plaintiffs are victims of Defendant Carpentersville Police Officers' negligent (reckless) infliction of emotional distress.

99. Defendant Carpentersville Police Officers conduct was a proximate cause of Plaintiffs' injuries and their extreme, severe, long-term emotional distress and trauma.

## COUNT VIII – TRESPASS – STATE LAW

100. Plaintiffs re-alleges paragraphs 1 through 99 above and incorporate them in this count. Plaintiffs assert this claim against Defendant Carpentersville Police Officers.

101. Defendant Carpentersville Police Officers did not have a search warrant to search for the missing friend at the Plaintiffs residence, Defendant

Carpentersville Police Officers physically invaded Plaintiffs' right to and enjoyment of exclusive possession of their residence.

102. Furthermore, the conduct of Defendants was willful and wanton and constituted a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others and/or their property.

103. Defendant Carpentersville Police Officers' actions caused a physical invasion of Plaintiffs' residence.

104. Plaintiffs were harmed by Defendant Carpentersville Police Officers' physical invasion of their residence.

## PRAYER FOR RELIEF (ALL COUNTS)

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against the Defendants on each count for:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and litigation costs and expenses; and

d. Such other or further relief as the Court deems just and proper.

_____
Keenan J. Saulter

Keenan J. Saulter
**Saulter Law P.C.**
900 Ridge Road, Suite 200
P.O. Box 1475
Homewood, Illinois 60430
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIOLET HERNANDEZ, INDIVIDUALLY, And AS MOTHER and NEXT FRIEND OF MINOR CHILDREN I.G. and J.G. | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| -vs- | ) ) | Case No.: 19-cv-05335 |
| THE VILLAGE OF CARPENTERSVILLE, a Municipal Corporation, CARPENTERSVILLE POLICE COMMANDER PAUL BRYAN, and UNKNOWN CARPENTERSVILLE POLICE OFFICERS, | ) ) ) ) ) ) ) | **Jury Trial Demanded** |
| Defendants. | ) | |

## JURY DEMAND

Plaintiffs demand a trial by jury.

_____
Keenan J. Saulter

Keenan J. Saulter
**Saulter Law P.C.**
900 Ridge Road, Suite 200
P.O. Box 1475
Homewood, Illinois 60430
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com