**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| VIOLET HERNANDEZ, Individually and as Mother and Next Friend of Minor Children, I.G. and J.G., | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.:  19-CV-05335 |
| | ) | |
| THE VILLAGE OF CARPENTERSVILLE, a Municipal Corporation, CARPENTERSVILLE POLICE OFFICERS THOMAS HEITKAMP, No. 154, J. NILES, No. 195, SGT. GONZALEZ, No. 181 and Det. E. Acot, No. 125, | ) ) ) ) ) | Hon. Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

Defendants, the Village of Carpentersville ("Defendant Village"), Carpentersville Police Officers Thomas Heitkamp, No. 154, J. Nilles[1] No. 195, Sgt. Gonzalez, No. 181, and Det. E. Acot, No. 125 (collectively, "Defendants"), by their attorney, Michael J. Victor,  move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the First Amended Complaint ("Complaint") of plaintiffs Violet Hernandez, on behalf of herself and her minor children, I.G. and J.G. (collectively, "Plaintiffs"), and move this Court to strike and dismiss certain claims for punitive damages, and in support thereof, state as follows:

**Introduction**

The lawsuit arises from events which allegedly occurred June 13 and 14, 2019.  There are three plaintiffs in this case. Violet Hernandez is an individual plaintiff and she also has brought suit on behalf of her two minor children, I.G. and J.G.   There are five defendants in the

---

[1] Defendant J. Nilles was incorrectly sued as "J. Niles."  This motion uses the correct spelling of his name.

case.  The defendants are the Village of Carpentersville and Carpentersville Police Officers Sgt. Thomas Heitkamp, J. Nilles, Sgt. Gonzalez, and Det. E. Acot (the individual defendants are collectively referred to as the "Officer Defendants").

Plaintiffs' Complaint alleges nine counts.  Each of the three plaintiffs are party to each of the nine counts.  Each of the counts is against "Defendant Carpentersville Police Officers." (Complaint, ¶¶40, 51, 59, 68, 77, 84, 95, 110, 115).  Plaintiffs' comingling the alleged conduct of Defendants and grouping them all together as one is improper under the federal pleading rules.  Grouping all of the defendants' alleged conduct together fails to sufficiently allege personal involvement as to each separate officer, which is a necessary prerequisite. *Bank of Am. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *Carter v. Dolan*, No. 08-C 7464, 2009 WL 1809917, at *3 (N.D. Ill. June 25, 2009).  Defendants do not have fair notice of the claims against them.  Plaintiffs' improper pleading deprives Defendants the ability to properly assert defenses.  Plaintiffs' Complaint should be dismissed for these reasons.

Plaintiffs' prayer for relief seeks punitive damages in each of the nine counts and against all Defendants.  The Court should strike and dismiss Plaintiffs' punitive damages claims against Defendant Village, because it is immune.  745 ILCS 10/2-102; *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).  Likewise, the Court should strike and dismiss strike and dismiss Plaintiffs' punitive damages claims against the Officer Defendants in Plaintiffs' state law claims (Counts III-IX), because they are immune.  745 ILCS 10/2-102.

## Rule 12(b)(6) Motion to Dismiss Framework

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) delineates the two step process for analyzing a Rule 12(b)(6) motion: First, does a complaint give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests" under Rule 8, and if so, then second, do the

factual allegations in the claim raise the possibility of relief above the "speculative level." *Id.* at 555.

Under the second step, the complaint must contain sufficient factual allegations which, when accepted as true, "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the specific defendant is liable of the misconduct alleged. *Id*. at 556. A complaint that merely alleges facts demonstrating the possibility that a claim exists is insufficient. A claim, containing allegations that are "merely consistent with" a defendant's liability, "stops short of the line between possibility and plausibility of 'entitlement to relief.'". *Id*. at 557; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard demands that a complaint allege more than legal conclusions or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.*

### Allegations in Plaintiff's Complaint

The following allegations are taken from Plaintiffs' Complaint and are accepted as true for the purposes of this motion. *Nixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2001).

There are three plaintiffs in this case. Violet Hernandez ("Plaintiff Violet") is an individual plaintiff; she has as also brought suit on behalf of her two minor children, I.G. and J.G.. (Complaint, ¶4). The defendants are the Village of Carpentersville and Carpentersville Police Officers Sgt. Thomas Heitkamp, J. Nilles, Sgt. Gonzalez, and Det. E. Act. (Complaint, ¶5-6). Plaintiff refers to the officer defendants, collectively, as "Defendant Carpentersville Police Officers." (Complaint, ¶6).

On June 13, 2019, Plaintiffs resided at a home located 2158 Morningside Lane, Unit F, Carpentersville, Illinois, 60110 (the "House"). (Complaint, ¶16). On that day, a friend of

Plaintiff I.G. ran away from home and Plaintiff I.G. called the friend an Uber and told her to go home. (Complaint, ¶16). Defendants Heitkamp and Nilles went to the House to search for the friend. (Complaint, ¶17).

Plaintiff I.G. found out that his friend did not go home. (Complaint, ¶18). I.G. gotscared and called his friend's brother and told him that the friend was at his house earlier and Plaintiff I.G. called her an Uber. (Complaint, ¶18).

Defendants Heitkamp and Nilles went to the House with the friend's brother and searched the House. (Complaint, ¶19). Plaintiff Violet was at work during the search. (Complaint, ¶20). She spoke on the phone with Defendant Nilles on the phone and asked him "why are you in my house?" and advised him that he did not have a warrant. (Complaint, ¶22). She said that her children were minors and that she would immediately leave work and come to the House. (Complaint, ¶23)

Plaintiff J.G., left the house, along with friends, and went to a local park.(Complaint, ¶25). As they were walking towards the park, Plaintiff J.G. was approached by a Defendant Heitkamp. (Complaint, ¶26). Defendant Heitkamp detained and questioned Plaintiff J.G. asking where the girl was. (Complaint, ¶27).

On June 14, 2019, Defendants Gonzalez and Acot came to the House. (Complaint, ¶30). Plaintiffs I.G. and J.G. were there and Plaintiff Violet was at work. (Complaint, ¶31). "The Defendant Carpentersville Police Officers" opened the front door and entered the home without authorization or a warrant. (Complaint, ¶32). Defendant Gonzalez entered the House and he began to choke Plaintiff I.G. (Complaint, ¶35). Plaintiff I.G. was barefoot and inside his own home while he was repeatedly choked by the "Defendant Carpentersville Police Officers."

(Complaint, ¶36). Defendant Acot handcuffed and arrested Plaintiff I.G. (Complaint, ¶37). Plaintiff J.G. had an emotional breakdown while watching his brother. (Complaint, ¶38).

Plaintiffs' Complaint alleges nine counts. Each of the three plaintiffs are party to each of the nine counts. Each of the counts is against "Defendant Carpentersville Police Officers." (Complaint, ¶¶40, 51, 59, 68, 77, 84, 95, 110, 115). Plaintiff groups all of the defendants together and collectively several allegations of the Complaint. (Complaint, ¶¶2-3, 32, 36, 38).

Count I for "Violation of Fourth Amendment Rights." Count II is a Section 1983 claim for an unlawful search based an alleged unreasonable manner of entry. Count III-IX are, respectively, Illinois state law claims for: assault, battery, invasion of privacy, intentional infliction of emotional distress, reckless infliction of emotional distress, trespass, and false imprisonment.

Plaintiff seeks punitive damages as to all counts and against all Defendants. (Complaint, Prayer for Relief, pg. 20).

## Discussion

**I.** **The Complaint should be dismissed, because Plaintiffs' group pleading fails to meet proper pleading standards and fails to provide Defendants with fair notice of the specific claims against alleged them.**

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. as 555). For a defendant to have "fair notice" of a Section 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) ("§ 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to

support a viable claim."). A defendant can only be liable under section 1983 if he or she is "personally responsible for the constitutional violation." *Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). Therefore, in order to maintain a cause of action under section 1983, a plaintiff must plead that the defendant "participated directly in the constitutional violation." *Hildebrandt*, 347 F.3d at 1039.

Applying the federal pleading standards to the necessary personal involvement Section 1983 claims, "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). Therefore, a complaint which commingles the defendants together or based on a theory of collective responsibility must be dismissed." *Id.*; *see Patel v. Fendler*, No. 15-CV-0366-MJR-SCW, 2016 WL 336017 (S.D. Ill. Jan. 28, 2016). Put another way, "group pleading" does not pleading standard set forth in Fed. R. Civ. P. 8. *Beaman v. Souk*, No. 10-1019, 2011 WL 832506, at *6-7 (C.D. Ill. Mar. 3, 2011).

In *Carter v. Dolan*, the plaintiff's complaint generally alleged all the defendant officers improperly detained occupants of apartments and searched the building. No. 08-C 7464, 2009 WL 1809917, at *3 (N.D. Ill. June 25, 2009) The *Carter* court stated that in order to "sustain a §1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right", and that "a complaint that refers to multiple officer defendants collectively as 'defendant officers' in each of the factual allegations does not provide each defendant officer with sufficient notice of wrongdoings alleged." *Id.* at *3.

In *Patel v. Fendler*, the court dismissed a complaint of taking the shortcut of grouping all of the defendants' alleged conduct together. No. 15-CV-0366-MJR-SCW, 2016 WL 336017 (S.D. Ill. Jan. 28, 2016). The court there noted that the notice requirement of the federal

pleading standard becomes complicated when a plaintiff "sues several defendants and refers to them in the collective 'Defendants' sense throughout the complaint." *Id.* at *1. The *Patel* plaintiffs, for instance, alleged that "Defendants" forged signatures and "Defendants" stole funds. *Id.* The court held that this was improper, because "notice pleading and vague allegations of collective conduct don't go hand-in-hand; these types of lumped allegations are inadequate under Federal Rule of Civil Procedure 8." *Id.* The court reasoned that "grouping, especially when used to describe discrete conduct, commingles the defendants together in a way that precludes each party from discerning who allegedly did what." *Id.* (citing *Bank of Am.*, 725 F.3d at 818).

In *McFadden v. Pryor*, the plaintiff alleged that several officers and unknown defendants arrived at a Chicago property to execute a search warrant. No. 12 C 4110, 2015 WL 3932100, at *1 (N.D. Ill. June 25, 2015). The plaintiff was the child of the owner of the property. *Id.* He alleged that the defendants violated his Constitutional rights in executing the warrant by breaking down a garage door, breaking down a back door, and searching a second floor unit with unrelated tenants. *Id.* The court dismissed the complaint on several grounds, including the plaintiff's failure to sufficiently allege personal involvement. *See id.* at *4. The court noted that "although plaintiff has named several Doe Defendants, he alleges that 'some of all of the additional Defendants' entered the property." *Id.* The court held that the claim failed to allege any personal involvement for these defendants. *Id.*

Here, all three separate Plaintiffs in this case have brought each of nine counts of the Complaint based on the alleged conduct of "Defendant Carpentersville Police Officers." *See, e.g.* (Complaint, ¶¶40, 51, 59, 68, 77, 84, 95, 110, 115). However, by collectively grouping all

of Defendants together, each of them individually do not have fair notice of which claims are being brought and by whom.

Put another way, Defendants cannot properly respond to the Complaint because they do not know what Plaintiffs allege that each one of them allegedly did that was wrongful. Under the Federal Rules, Defendants are entitled to knowledge of these allegations before being required to respond. *See Bank of Am.*, 725 F.3d at 818.

This knowledge is important, not only so that the Defendants have fair notice of what Plaintiff alleges that they *did do*, but also, fair notice of what Plaintiff alleges they *did not* do. Because there is no vicarious liability under Section 1983, each of the individual officer defendants cannot be liable for the conduct of other officers. *Iqbal*, 556 U.S. at 676. Plaintiffs' improper group pleading, essentially, seeks to hold every officer liable for everything that occurred, even if that officer was not personally involved. This is improper.

A properly pled complaint is also important to set the stage for discovery, but before the discovery stage, Defendants are entitled to properly assert arguments or use procedural tools available to them, such a motion to dismiss. However, due to Plaintiffs' improper pleading, Defendants cannot properly raise these arguments in response to the Complaint.

These are numerous arguments Defendants might have raised had Plaintiffs filed a properly-pled complaint. Count I is for "Violation of Fourth Amendment Rights" but actually contains three theories by Plaintiffs against all Defendants: unreasonable force (Complaint, ¶40), illegal search of home (Complaint, ¶44), and failure to intervene (Complaint, ¶46). But there are no allegations that any of Defendants used force against Plaintiffs Violet or J.G. There no allegations that Defendants Heitkamp, Nilles, or Acot used force against I.G. There are no allegations that Defendants Gonzalez and Acot were present during the events of the events of

June 13 or that Defendants Heitkamp and Nilles were present during the events of June 14 (such that they could have intervened). To the extent that Plaintiffs are pursuing all of these theories, they would be subject to the dismissal. However, due to the group pleading, Defendants simply do not know the claims Plaintiffs' are pursuing.

Plaintiffs' improper group pleading prejudices Defendants' ability to respond to other counts in the Complaint as well. In Counts II (unreasonable manner of entry and search), V (invasion of privacy), and VIII (trespass) there are no allegations which establish that Plaintiffs J.G. or I.G. have standing because they are not based on any alleged infringement of property rights associated with the House. In Count III-IV, there no allegations that that Plaintiffs Violet or J.G. were assaulted or battered or that Defendants Heitkamp, Nilles, or Acot committed an assault or battery against anyone. In Counts VI and VII, it is unclear which Plaintiff is pursuing these claims and against which of the five defendants. In Count IX, there are no allegations that Nilles ever falsely imprisoned any of Plaintiffs.

In sum, each of the five Defendants in this case is entitled to know if they are a defendant in each of the nine counts. They are entitled to know which of the three Plaintiffs is bringing each cause of action and the alleged conduct that forms the basis for the cause of action. It is not proper to group everyone together.

Proper pleading is important for summary judgment. Summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.'" *Steen v. Myers,* 486 F.3d 1017, 1022 (7th Cir.2007) (quoting *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 859 (7th Cir.2005)). Defendants cannot be prepared for discovery or determine whether they are

entitled to summary judgment unless they know, in the first place, the nature of Plaintiffs' claims. Plaintiffs' Complaint should be dismissed.

## II. Plaintiffs' punitive damages claims against Defendant Village should be stricken and dismissed.

In Plaintiffs' prayer for relief, Plaintiffs seek punitive damages against each defendant in each count. (Complaint, pg. 20). Counts I-II are claims for alleged violations of Plaintiffs' constitutional rights brought pursuant to 42 U.S.C. § 1983. Counts III-IX are Illinois state law causes of action.

As to the Section 1983 claims in Counts I-II, the United States Supreme Court has held that municipalities cannot be held liable for punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Planned Parenthood Association / Chicago Area v. Chicago Transit Authority,* 767 F.2d 1225, 1233–34 (7th Cir.1985) (local public entities immune from punitive damage awards for Section 1983 claims); *see also Harris v. City of W. Chicago, Illinois*, No. 01 C 7527, 2002 WL 31001888, at *9 (N.D. Ill. Sept. 3, 2002).

As to the Illinois state law claims in Counts III-IX, Section 2-102 of the Illinois Tort Immunity Act (which provides as follows) immunizes Defendant Village from the claims for punitive damages:

> **"Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.** In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party." 745 ILCS 10/2-102 (emphasis added).

Courts construe the language of statutes according to their plain and ordinary meaning and cannot depart from this expression of the legislature's intent. *See Village of Bloomingdale v.*

*CDG Enterprises, Inc.*, 196 Ill. 2d 484, 493 (2001). Courts have applied Section 2-102 to strike and dismiss punitive damages claims against municipalities in Illinois state law causes of action. *See, e.g. Harris*, 2002 WL 31001888, at \*9; *Steinway v. Village of Pontoon Beach*, No. 06-CV-1043-DRH, 2009 WL 1940431, at \*2 (S.D. Ill. July 7, 2009) (collecting cases).

The Court should strike and dismiss each prayer for punitive damages against Defendant Village, as Defendant Village is immune.

**III.** **Plaintiffs' punitive damages claims against the Officer Defendants in their state law causes of action (Counts III-IX) should be stricken and dismissed based on Sections 2-102 and 2-213 of the Illinois Tort Immunity Act.**

As mentioned above, Plaintiff seeks punitive damages against each defendant in each count, including Counts III-IX, which are Illinois state law causes of action. Section 2-102 of the Illinois Tort Immunity Act, which provides as follows, and immunizes the Officer Defendants from the claims for punitive damages:

> "Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. **In addition, no public official is liable to pay punitive or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive**, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party." 745 ILCS 10/2-102 (emphasis added); *see also* 745 ILCS 10/2-213.

Section 2-102 immunizes the Officer Defendants who are public official "serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity." 745 ILCS 10/2-102. "Illinois courts and higher federal courts have been silent on the scope of § 2-102" forcing federal district courts to turn to other district court decisions for guidance. *Rousey v. City of Johnston City*, No. 05-4174-JPG, 2006 WL 314452, at \*2 (S.D. Ill. Feb. 9, 2006); *Campbell v. City of Johnston City*, No. 05-CV-4072-JPG, 2005 WL 3440726, at \*\*1-4 (S.D. Ill. Dec. 14, 2005).

The term "public official" under Section 2-102 is defined as "a public employee who exercises discretion in the performance of uniquely governmental functions." *Steinway*, No. 06-2009 WL 1940431, at *4 (S.D. Ill. July 7, 2009 (quoting *Reese v. May*, 955 F. Supp. 869, 875 (N.D. Ill. 1996)). "Law enforcement is a uniquely governmental function that requires the exercise of discretion." *Id*. Therefore, courts have routinely interpreted Section 2-102 to immunize police officers from punitive damages claims in an array of situations involving the police making decisions on how to exercise police powers and authority. *Short v. Nolan*, No. 09 CV 1087, 2010 WL 272815, at *5 (C.D. Ill. Jan. 14, 2010) (unreasonable search and seizure and battery); *Steinway*, 2009 WL 1940431, at *4 (excessive force, assault and battery, and false imprisonment); *Rousey*, 2006 WL 314452, at *2 (unreasonably search and seizure and excessive force); *Campbell*, 2005 WL 3440726, at **1-4 (excessive force and failure to obtain medical treatment).

Here, the Officer Defendants are alleged to have made decisions while serving within the scope of their employment. Plaintiffs cannot seek punitive damages against the Officer Defendants, because Section 2-102 cloaks them with immunity. It is within the Court's authority to strike a punitive damages claim at the motion to dismiss stage. *Reese*, 955 F. Supp. at 875. Accordingly, all punitive damages claims in Counts III-IX should be stricken and dismiss.

Wherefore, Defendants, the Village of Carpentersville, Carpentersville Police Officers Thomas Heitkamp, No. 154, J. Nilles, No. 195, Sgt. Gonzalez, No. 181, and Det. E. Acot, No. 125, respectfully request that this Court: (1) grant the instant motion; (2) dismiss, with prejudice, Plaintiffs' First Amended Complaint at Law; (3) dismiss and strike paragraph b., and any claim for punitive damages, of the Prayer for Relief as to defendant the Village of Carpentersville; (4) dismiss and strike paragraph b., and any claim for punitive damages, of the Prayer for Relief as

to Counts III-IX; and (5) grant Defendants any other and further relief this Court deems just, equitable, reasonable, and appropriate.

**VILLAGE OF CARPENTERSVILLE,**
**THOMAS HEITKAMP, JASON NILLES,**
**JORGE GONZALEZ, ED ACOT**,

By: _S/ Michael J. Victor_ _____
One of their attorneys

Michael J. Victor, #6297846
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Fax: (847) 291-9230
E-mail: mvictor@okgc.com

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VIOLET HERNANDEZ, Individually and as | ) | |
| Mother and Next Friend of Minor Children, | ) | |
| I.G. and J.G., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 19-CV-05335 |
| | ) | |
| THE VILLAGE OF CARPENTERSVILLE, a | ) | Hon. Sharon Johnson Coleman |
| Municipal Corporation, CARPENTERSVILLE | ) | |
| POLICE OFFICERS THOMAS HEITKAMP, | ) | |
| No. 154, J. NILES, No. 195, SGT. GONZALEZ, | ) | |
| No. 181 and Det. E. Acot, No. 125, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I electronically filed ***Defendants' Motion to Dismiss*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Keenan J. Saulter
Saulter Law P.C.
900 Ridge Road, Ste. 200
Homewood, IL 60430
E: kjs@saulterlaw.com

By:      *S/ Michael J. Victor*
        Michael J. Victor, #6297846
        O'Halloran Kosoff Geitner & Cook, LLC
        650 Dundee Road, Suite 475
        Northbrook, Illinois 60062
        Telephone: (847) 291-0200
        Fax: (847) 291-9230
        E-mail: mvictor@okgc.com